**NORTHWESTERN FRUIT CO., Malat Produce Co., Inc., and Twin City Produce Supplies, Inc., Plaintiffs,**

**v.**

**A. LEVY & J. ZENTNER CO., Abatti Produce, Inc., A & M Produce Co., A.T.B. Packing Co., Badlands Provisions, Inc., Bud Antle, Inc., Couture Farms, Hi-Value Processors, Inc., Lindemann Farms, Inc., Mario Saikhon, Inc., Naam Packing Co., Pacific Farm Co., Pappas and Co., Perez Packing, Inc., Sahara Packing Co., Signal Produce, Inc., Silver Creek Packing Co., Stamoules Produce Co., Tri-Produce Co., United Packing Co., V.H. Azhderian & Co., Inc., Defendants.**

**No. CV F–84–263–EDP.**

United States District Court, E.D. California.

March 24, 1986.

See also —— F.R.D. ——.

John M. Anderson, Jon Enscoe, Ann Julius, Landels, Ripley & Diamond, San Francisco, Cal., Arthur M. Kaplan, Allen D. Black, Edward B. Rock, Fine, Kaplan & Black, Philadelphia, Pa., Vance K. Opperman, Charles N. Nauen, Opperman & Paquin, Andrew C. McIntosh, K. Craig Wildfang, Wildfang, Rude, McIntosh, Murray & Chartered, Minneapolis, Minn., Mary Louise Frampton, Frampton, Karshmer & Kessellman, Fresno, Cal., for Northwestern Fruit Co., Malat Produce Co., Inc., Twin City Produce Supplies, Inc.

Richard J. Archer, Kristina M. Hanson, Archer & Hanson, San Francisco, Cal., for A. Levy & J. Zentner Co.

Patrick J. Sullivan, Sullivan, Duvall & Nova, San Diego, Cal., for Abatti Produce.

John Germino, Stephen G. Opperwall, Germino, Layne, Brodie, Runte, Maquire & Mac Kay, Palo Alto, Cal., for V.H. Azhderian & Co., Inc.

John J. Maloff, Horton, Knox, Carter & Foote, El Centro, Cal., for Badlands Provisions, Inc., Signal Produce, Inc.

Michael St. Peter, Lukens, St. Peter & Cooper, San Francisco, Cal., for Bud Antle, Inc.

Lyman Griswold, Griswold, Bissig, LaSalle, Cobb & Dowd, Hanford, Cal., Randy Lebedoff, John French, Faegre & Benson, Minneapolis, Minn., for Couture Farms.

Merrick J. Bobb, Raymond C. Fisher, Tuttle & Taylor, Los Angeles, Cal., for Hi-Value Processors, Inc.

Robert E. Gooding, Jr., H. Joseph Escher, III, Howard, Rice, Nemerovski, Canady, Robertson & Falk, San Francisco, Cal., for A.T.B. Packing Co.

Richard A. Clark, Susan Harrison, Parker, Milliken, Clark, O'Hara & Samuelian, Los Angeles, Cal., for Lindemann Farms, Inc.

Ravinder Samra, Lowell Sutherland, Sutherland & Gerber, El Centro, Cal., for Mario Saikhon, Inc., A & M Produce Co.

Ann L. Kelly, Merced, Cal., Eugene Garfinkle, Dreher, Garfinkle & Watson, San Francisco, Cal., for Naam Packing Co.

William S. Boyd, John E. Schulz, Brobeck, Phleger & Harrison, San Francisco, Cal., John D. Chinello, Jr., Chinello, Chinello, Shelton and Auchard, Fresno, Cal., for Pacific Farm Co.

Paul T. Chambers, Crossland, Crossland, Chambers and Mac Arthur, Fresno, Cal., for Pappas & Co.

Robert D. Raven, Gordon P. Erspamer, Edward Quevedo, Morrison & Foerster, San Francisco, Cal., for Perez Packing Co., Couture Farms.

Richard F. Outcault, Jr., Richard L. Fruin, Jr., Lawler, Felix & Hall, Los Angeles, Cal., Patricia A. Stanley, Newport Beach, Cal., for Sahara Packing Co.

Eugene Crew, Joel Linzner, Khourie & Crew, San Francisco, Cal., for Silver Creek Packing Co.

Robert L. Jones Jr., Richardson & Jones, Fresno, Cal., for Stamoules Produce Co.

Stephen V. Bomse, Matthew L. Larrabee, Harold Kahn, Heller, Ehrman, White & McAuliffe, San Francisco, Cal., Nickolas J. Dibiaso, Thomas, Snell, Jamison, Russell, Williamson & Asperger, Fresno, Cal., for Tri-Produce Co.

Richard E. Salisch, Salisch & Salisch, Fresno, Cal., Ted R. Frame, Frame and Allen, Coalinga, Cal., for United Packing Co.

## FINDINGS OF FACT AND CONCLUSIONS OF LAW IN RE CERTAIN DEFENDANTS' MOTION FOR SUMMARY JUDGMENT

PRICE, District Judge.

### FINDINGS OF FACT

1. Defendants impose a cooling and palletizing charge when they sell cantaloupes to purchasers, and in the majority of sales to purchasers the cooling and palletizing charge is separately "broken out", in the invoice to the Purchaser, as well as arithmetically included in the "bottom line" paid by the canteloupe purchaser.

2. In all but rare instances the cooling and palletizing charge was standard in amount in sales to purchasers. Defendants have not contested plaintiffs' assertions that in 1982 defendant Couture Farms expressly imposed the standard cooling and palletizing charge on invoices totaling 99.6% of the cantaloupes it sold to purchasers; that in 1983 defendant Couture expressly imposed the standard charge on 100% of its invoices to purchasers; that in 1983 defendant Stamoules expressly imposed the standard charge on 99.9% of its invoices to purchasers; that in 1982 defendant Pappas & Co. expressly imposed the standard charge on 99.8% of its invoices to purchasers; and that in 1983 defendant Pappas & Co. imposed the standard charge on 99.7% of its invoices to purchasers.

3. The standard cooling and palletizing charge paid by purchasers was $.75 per carton in 1980. During the summer and fall of 1981 the standard cooling and palletizing charge was $.80 per carton. In 1982 and 1983 the standard cooling and palletizing charge was $.80 per carton.

4. Cooling and palletizing are not inseparable from the sale of the cantaloupes receiving this treatment. However, on occasion, cantaloupes are sold to purchasers without being cooled and palletized.

5. Defendants' argument that any overcharge on cooling and palletizing would necessarily have been offset by an identical reduction in other component charges is based upon various factual assumptions that have not been proved by defendants at this stage of the proceedings. This remains a triable issue of fact in this litigation.

6. There is some evidence that the "bottom line" price for cantaloupes was lower when a standardized cooling and palletizing charge is not imposed.

7. Plaintiffs' Second Amended Complaint alleges that cooling and palletizing charges have been raised and fixed by collusive agreement, that plaintiffs and other purchasers have been "damaged"; and that "competition between the defendants" has been "restrained".

8. Although defendants argue that the standard cooling and palletizing charge was being shown on invoices sent to purchasers only in order to account to outside growers, defendants have not established that every defendant purchased product from growers throughout the period, or that such practice was engaged in only when outside growers fruit was being packed and sold by the defendants.

9. Defendants have not established that growers paid any charge for cooling and palletizing similar in amount to the standard charge complained of by plaintiffs, and defendants have failed to produce in-

voices or other contemporaneous documents evidencing payment of a similar $.75 or $.80 standard charge to growers after collection of the same by defendants.

10. One of the disputed factual issues to be resolved in this case is the amount of cantaloupes processed by each defendant are either:

(a) grown by the defendant processor,

(b) bought by an outside grower for cash,

(c) processed and sold for the account of an outside grower.

11. The grower agreements produced by defendants to date tend to establish that defendants, rather than the growers, retain and enjoy the economic benefit of the cooling and palletizing charges paid by cantaloupe purchasers.

## CONCLUSIONS OF LAW

1. Defendants' argument that they may fix a component charge with impunity is unsupported by price-fixing case law, and is contrary to the decisions in numerous price-fixing cases, including *Cantalano, Inc. v. Target Sales, Inc.*, 446 U.S. 643, 100 S.Ct. 1925, 64 L.Ed.2d 580 (1980); *In re Plywood Antitrust Litigation*, 655 F.2d 627, 635–36 (5th Cir.1981), *cert. dismissed*, 462 U.S. 1125, 103 S.Ct. 3100, 77 L.Ed.2d 1358 (1983); *In re Yarn Processing Patent Validity Litigation*, 541 F.2d 1127, 1136 (5th Cir.1976), *cert. denied*, 433 U.S. 910, 97 S.Ct. 2976, 53 L.Ed.2d 1094 (1977); and *National Electrical Contractors Association, Inc. v. National Constructors Association*, 678 F.2d 492 (4th Cir.1982), *cert. dismissed*, 463 U.S. 1233, 104 S.Ct. 26, 77 L.Ed.2d 1449 (1983). "Any combinantion which tampers with price structures is engaged in an unlawful activity". *United States v. Sconoy-Vacuum Oil Co.*, 310 U.S. 150, 221, 60 S.Ct. 811, 843, 84 L.Ed. 1129 (1940). Accord, e.g., *Plymouth Dealers' Association of Northern California v. United States*, 279 F.2d 128, 132 (9th Cir. 1960).

2. Defendants' request that the Court assume that any increase in the cooling and palletizing charge would be offset by a corresponding decline in other price components, is contrary to the requirement that the movant in a motion for summary judgment has the burden to establish that no triable issue of fact exists, such a pro-tanto reduction remains a triable issue of fact.

3. Defendants no longer contest plaintiffs' status as "direct purchasers". Direct purchasers ordinarily have standing to complain of overcharges they pay resulting from an alleged price fixing conspiracy.

4. With respect to standing defendants have relied upon *Associated General Contractors of California v. California State Council of Carpenters*, 459 U.S. 519, 103 S.Ct. 897, 74 L.Ed.2d 723 (1983). In that case, the United States Supreme Court stated that, "the Sherman Act was enacted to assure customers the benefits of price competition." 103 S.Ct. at 908. Plaintiffs and members of the proposed class are "customers" entitled to the benefits of "price competition".

5. In holding that plaintiffs have standing with respect to the overcharges they allegedly paid, the Court expresses no opinion as to whether growers might not also have standing with regard to some other or related violation.

6. Although defendants argued at the hearing on their motion that the standard cooling and palletizing charge was invoiced to purchasers as a result of state law, they have cited no state statute, regulation or law of any kind requiring that a standard cooling and palletizing charge be invoiced to purchasers.

7. As this court previously has had occasion to hold in *D & R Distributing Co., Inc. v. Chambers Corp.*, 608 F.Supp. 1290, 1984–2 Trade Cases CCH ¶ 66,194, at p. 66,734 (E.D.Cal.1984):

"All inferences to be drawn in a summary judgment motion must be drawn in favor of the non-moving party. The movant must make a showing ... that excludes any real doubt as to the existence of any genuine issue of material fact"

Accord, e.g., *McLain v. Real Estate Board of New Orleans, Inc.*, 444 U.S. 232, 246, 100 S.Ct. 502, 511, 62 L.Ed.2d 441 (1980);

*Hospital Building Company v. Trustees of Rex Hospital,* 425 U.S. 738, 746, 96 S.Ct. 1848, 1853, 48 L.Ed.2d 338 (1976); *Poller v. Columbia Broadcasting System, Inc.,* 368 U.S. 464, 473, 82 S.Ct. 486, 491, 7 L.Ed.2d 458 (1962); *Energy Conservation, Inc. v. Heliodyne, Inc.,* 698 F.2d 386, 389 (9th Cir.1983); *Beltz Travel Service, Inc. v. International Air Transport Association,* 620 F.2d 1360, 1364–65 (9th Cir.1980); *Ernest W. Hahn, Inc. v. Codding,* 615 F.2d 830, 834 (9th Cir.1980); *Timberlane Lumber Co. v. Bank of America NT & SA,* 549 F.2d 597, 602–03 (9th Cir.1976).

## CONCLUSION

Defendants have not satisfied their burden, as a matter of fact, to prove beyond doubt that growers of cantaloupes were injured to the exclusion of purchasers, who actually paid the allegedly fixed standard charge. Defendants' argument that a conspiracy to fix a component charge for an inseparable product is not actionable is erroneous as a matter of law under existing case law. Neither have defendants established beyond doubt that cooling and palletizing and the sale of a carton of cantaloupes are an inseparable product. Finally, defendants have not established beyond doubt by economic evidence that any overcharge on cooling and palletizing charges was offset by an identical decline in other price components, and defendants' argument in this regard is contrary to the holding of the United States Supreme Court in *Catalano v. Target Sales, supra.* For all of the foregoing reasons the Motion of Certain Defendants for Summary Judgment is denied.